IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CALEB CAULEY and ASHLYN WAGLEY,**  **PLAINTIFFS**
Each Individually and on Behalf
of All Others Similarly Situated

vs.   No. 4:18-cv-845-KGB-JJV

**UNITED CEREBRAL PALSY OF CENTRAL**   **DEFENDANTS**
**ARKANSAS, INC., and PAULA RADER**

### JOINT MOTION TO DISMISS AND FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Plaintiffs Caleb Cauley and Ashlyn Wagley (each a "Named Plaintiff"), each individually and on behalf of all others similarly situated (collectively "Plaintiffs"), and Defendants United Cerebral Palsy of Central Arkansas, Inc. ("UCP"), and Paula Rader (collectively "Defendant" or "Defendants") and jointly submit this Joint Motion to Dismiss and for Approval of Settlement Agreement.

### I.  INTRODUCTION

This is a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., for unpaid overtime wages. Named Plaintiffs brought the lawsuit on behalf of themselves and other current and former employees of Defendant UCP who worked as home healthcare workers. This Court conditionally certified the case as a collective action on August 26, 2019, ECF No. 21, and the Parties' settlement agreement resolves the claims of the Named Plaintiffs as well as the 206 individuals who opted into and continue to participate in this lawsuit.

Plaintiffs alleged that UCP's timekeeping and pay policies failed to take into

Page 1 of 7
Caleb Cauley, et al., v. United Cerebral Palsy of Central Arkansas, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-845-KGB-JJV
Joint Motion to Dismiss and for Approval of Settlement Agreement

account all overtime worked. Plaintiffs further alleged that, due to those policies, they did not receive proper overtime compensation for the hours worked over 40 in each week. The Defendants disputed these allegations, arguing that Plaintiffs received all overtime compensation due to them. The Parties believe their proposed settlement agreement represents a fair and reasonable resolution of their legal and factual disputes.

## II.   ARGUMENT

Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

The Eighth Circuit has recently cast doubt on whether settlements of wage claims require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," and declined to decide the question. No. 17-2612, 2018 U.S. App. LEXIS 24501, at *8 (8th Cir. Aug. 29, 2018); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the *Melgar* court reiterated its "tradition of encouraging settlement between private parties." *Id.* at *6. Nonetheless, to ensure that their settlement agreement is enforceable, concurrently with the filing of their Motion the Parties are submitting the settlement agreement to the Court for in camera review. Because the agreement includes a confidentiality provision, if the Court wishes the agreement to be

Page 2 of 7
Caleb Cauley, et al., v. United Cerebral Palsy of Central Arkansas, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-845-KGB-JJV
Joint Motion to Dismiss and for Approval of Settlement Agreement

filed of record, the Parties request an order permitting them to file it under seal.

The Parties' settlement agreement is the product of a formal settlement conference presided over by the Honorable Joe Volpe on October 19, 2020. Before the settlement conference, the Parties exchanged extensive formal and informal discovery regarding Plaintiffs' timekeeping and payroll records. After the settlement conference, the Parties exchanged drafts of the settlement agreement until both Parties were satisfied with the version now before this Court. Both Parties were represented throughout the litigation by counsel experienced in litigating wage disputes.

### A. The Settlement Agreement Resolves Bona Fide Factual and Legal Disputes.

To arrive at their settlement agreement, the Parties reached compromises of many bona fide factual and legal disputes. First, the Parties disagreed over the number of hours worked by each Plaintiff. Although UCP's home healthcare workers kept contemporaneous records of their work schedules, and those records were subject to review and approval by supervisors, the actual work occurred in private homes without direct supervision by UCP management. Accordingly, there were differing estimates of the hours worked by each Plaintiff.

The Parties also disagreed over the applicable statute of limitations. The statute of limitations under the FLSA is two years unless the employer's violation was "willful," in which case the statute is extended to three years. 29 U.S.C. § 255. Willfulness, in this context, means "the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988). Because the alleged damages date back to November 13, 2015, and the opt-in Plaintiffs joined this suit between September 24 and December 16, 2019 (see ECF

Page 3 of 7
Caleb Cauley, et al., v. United Cerebral Palsy of Central Arkansas, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-845-KGB-JJV
Joint Motion to Dismiss and for Approval of Settlement Agreement

Nos. 21, 22, & 49), a great deal of the damages accrued more than two years before Plaintiffs filed their claims. As such, a significant portion of the damages at issue depend on Plaintiffs' ability to prove that UCP willfully violated the FLSA.

Another point of contention is whether UCP is liable for liquidated damages. In addition to their unpaid wages, FLSA plaintiffs are entitled to an equal amount as liquidated damages. 29 U.S.C. § 216(b). However, the employer can avoid liquidated damages by showing that it acted in good faith and with reasonable grounds for believing that it was not in violation of the FLSA. *Jarrett v. ERC Props.*, 211 F.3d 1078, 1083 (8th Cir. 2000). In cases involving home healthcare and companionship services, courts have come to differing conclusions regarding liquidated damages. *Compare Carmack v. Park Cities Healthcare, LLC*, No. 3:16-CV-3500-D, 2018 U.S. Dist. LEXIS 124196, at *34 (N.D. Tex. July 25, 2018) (granting summary judgment in employee's favor regarding liquidated damages) with *Guerrero v. Moral Home Servs.*, 247 F. Supp. 3d 1288, 1293-94 (S.D. Fla. 2017) (granting summary judgment in employer's favor regarding liquidated damages). Due to the differing caselaw on this issue, the Parties had widely divergent views as to Defendants' liability for liquidated damages.

Finally, Plaintiffs sued Paula Rader (UCP's current President) individually. The Eighth Circuit has found that individual liability does exist under the FLSA. *See Dary v. Bratch*, 287 F.3d 673, 681 (8th Circ. 2002). The Parties disagree over whether Rader exerted operational control over UCP in the day-to-day operations to the degree necessary for personal liability to attach. The Parties anticipate extended discovery and briefing on this issue would have ensued absent a settlement.

Page 4 of 7
Caleb Cauley, et al., v. United Cerebral Palsy of Central Arkansas, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-845-KGB-JJV
Joint Motion to Dismiss and for Approval of Settlement Agreement

B.  *The Terms of the Settlement Agreement are Fair and Reasonable.*

In negotiating the compromise now before the Court, counsel for the Parties evaluated Plaintiffs' documented hours of work, Plaintiffs' likelihood of success in litigating the disputed issues above, the risk that the Court would decertify the collective action, and the expense of trying Plaintiffs' claims. The Parties believe that the settlement to be paid by UCP will fairly compensate each Plaintiff in an amount that equals or exceeds what he or she was likely to obtain at trial. The settlement agreement allocates the settlement fund to each Plaintiff in proportion to the amount of alleged uncompensated overtime reflected in that Plaintiff's timekeeping records. Some Plaintiffs' records do not reflect any uncompensated overtime; these Plaintiffs have withdrawn their Consents to Join the action, and they are not bound by the terms of the settlement agreement. *See* ECF No. 72.

The non-monetary terms of the settlement agreement go only so far as necessary to resolve the claims raised in Plaintiffs' lawsuit and preserve the confidentiality of the Parties' agreement. Opt-in plaintiffs will release any claims related to overtime or overtime pay, but not any unrelated claims they may have against Defendants. Named Plaintiffs will sign a general release of claims against Defendants, for which they are receiving a service award. Finally, all parties to the settlement agreement will be bound by a mutual confidentiality and non-disparagement agreement. The confidentiality and non-disparagement terms are in the interest of all parties because they will protect UCP from negative publicity and they will protect Plaintiffs from being represented to prospective future employers as disgruntled or litigious.

The Parties negotiated the attorneys' fees to be paid to Plaintiffs' Counsel

Page 5 of 7
Caleb Cauley, et al., v. United Cerebral Palsy of Central Arkansas, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-845-KGB-JJV
Joint Motion to Dismiss and for Approval of Settlement Agreement

independently from the agreement to the Settlement Fund amounts payable to Plaintiffs for their damages claims. Further, Plaintiffs' Counsel is not seeking a contingency on the payments to be sent to each Plaintiff. As a result, the agreed upon fees do not affect or diminish the amount payable to Plaintiffs from the Settlement Fund. Accordingly, the Parties do not believe the Court is required to review or evaluate the propriety of that component of the Parties' settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees." (citations omitted)).

### III.     CONCLUSION

The Parties reached their settlement agreement after a thorough review of each Plaintiff's time and pay records, vigorous motions practice, and a mediated settlement conference. Because the settlement agreement is a reasonable compromise of bona fide disputes over numerous contested issues, the Parties respectfully request that this Court approve the settlement agreement, dismiss Plaintiffs' claims with prejudice, and retain jurisdiction in this matter for the sole purpose of enforcing the settlement agreement.

Page 6 of 7
Caleb Cauley, et al., v. United Cerebral Palsy of Central Arkansas, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-845-KGB-JJV
Joint Motion to Dismiss and for Approval of Settlement Agreement

Respectfully submitted,

**CALEB CAULEY and ASHLYN WAGLEY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **UNITED CEREBAL PALSY OF CENTRAL ARKANSAS, INC., and PAULA RADER, DEFENDANTS**

BARBER LAW FIRM, PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201
Telephone: (501) 372-6175
Facsimile: (501) 375-2802

*/s/ S. Brent Wakefield*
S. Brent Wakefield
Ark. Bar No. 99144
brent.wakefield@barberlawfirm.com

**Page 7 of 7**
**Caleb Cauley, et al., v. United Cerebral Palsy of Central Arkansas, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-845-KGB-JJV**
**Joint Motion to Dismiss and for Approval of Settlement Agreement**